JONDA REALTY CORPORATION, Landlord, *v.* SILVIO MARABOTTO, Tenant.

Municipal Court of New York, Borough of Manhattan, Eighth District, April 22, 1942.

*Silas B. Rosenow,* for the landlord.

*Irene Marabotto,* wife of tenant, appearing for the tenant.

McCAFFREY, J. By this proceeding the landlord seeks to recover possession of premises described as follows: Four front rooms on the sixth floor, apartment No. 33, in premises known and denominated as 170 East One Hundred and Eighteenth street, New York, N. Y. The wife of the tenant interposed an answer in which she asserted the existence of facts which, if established, would bring the case within the purview of subdivisions 1 and 2 of section 300 of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 530, subds. 1, 2). At a hearing before me on the 14th day of January, 1942, testimony was adduced establishing the necessary conditions precedent to the relief contemplated by subdivision 2 of section 300 of the aforesaid act. I, therefore, ordered a stay of proceedings for a period of three months and set the matter down for further hearing for the 15th day of April, 1942. At a hearing held before me on the 22d day of April, 1942, the tenant offered to pay the rent for the month commencing April 16, 1942, and upon refusal of the landlord to accept it, the tenant deposited the amount of the rent with the clerk of the court.

This is the question presented to this court: Can the landlord predicate its right to recovery of the premises in question upon the failure of the tenant to pay rent for the said premises for the period of time during which proceedings were stayed and the prior period upon which the right to recovery of the premises is set forth in the petition, in the light of the tenant's deposit with the clerk of the court of a sum of money equal to the monthly rental for the month commencing April 16, 1942? In seeking an answer to this question, it is necessary to examine not only the section of the act applicable to eviction or distress, but also the intention and purpose of the Congress of the United States in relation to the legislation. Section

100 of the act (U. S. Code, tit. 50, Appendix, § 510) provides as follows: " In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is hereby made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the period herein specified over which this Act remains in force."

It is noted that the aforementioned section 300 makes no specific provision for the factual situation in the instant case. It appears to me that to hold that an eviction will lie at the termination of the period of time for which proceedings were stayed, in the face of the tenant's deposit with the clerk of the court of the present month's rent, would be to frustrate the purpose of this legislation. I hold that the deposit of money with the clerk of the court in an amount equal to the monthly rental for the said premises for the month commencing April 16, 1942, defeats the landlord's right to recovery of the premises. The tenant's obligation for rent past due continues. The clerk of the court is authorized to pay the sum of twenty-seven dollars, deposited by the tenant's wife, to the landlord.

Final order is made in favor of the tenant dismissing the petition herein.